UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES RICHARD RYAN II,

    Petitioner,

vs.

KEN CLARK, Acting Warden,

    Respondent.

No. C 06-5618 PJH (PR)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

This is a habeas corpus case filed pro se by a state prisoner pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the writ should not be granted based on petitioner's two cognizable claims for relief. Respondent filed an answer and a memorandum of points and authorities in support of it, and has lodged exhibits with the court. Although given an opportunity to do so, petitioner did not file a traverse. For the reasons set out below, the petition is denied.

**BACKGROUND**

On November 5, 2003, in Santa Clara County Superior Court, petitioner entered a plea of "nolo contendere" to two counts (Counts 1 and 2) of committing a lewd or lascivious act on a minor under 14 with substantial sexual conduct (Cal. Pen. Code §§ 288(a), 1203.066(a)(8)), two counts (Counts 3 and 4) of sexual intercourse with a minor under age 16 (Cal. Pen. Code § 261.5(d)), and two counts (Counts 5 and 6) of sexual intercourse with a minor more than three years younger than defendant (Cal. Pen. Code § 261.5(c)). On March 18, 2004, petitioner was sentenced in accordance with the plea agreement to a total

term of six years in state prison in exchange for his nolo contendere plea. The sentence consists of midterm sentences of six years each on Counts 1 and 2, midterm sentences of three years each on Counts 3 and 4, and midterm sentences of two years each on Counts 5 and 6, all of which run concurrently.

The California Court of Appeal denied petitioner's direct appeal in an explained opinion, and his petition for a writ of habeas corpus in a separate and summary opinion. Petitioner filed a petition for review of the denial of the habeas petition, which the California Supreme Court denied summarily. Petitioner filed the instant petition for a writ of habeas corpus challenging the constitutionality of his nolo contendere plea.[1]

## STANDARD OF REVIEW

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13. A state court decision is an "unreasonable application

---

[1] A detailed factual summary of the underlying offenses is not necessary because petitioner's claims herein only relate to the entry of his nolo contendere plea, and not to the evidence of the offenses themselves. The relevant facts and circumstances surrounding petitioner's plea are summarized below in the discussion of petitioner's claims.

of" Supreme Court authority, falling under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. *Id.* at 409.

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. 322 at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

The claims petitioner raises in the instant petition were raised in the state courts in petitioner's habeas petition to the California Court of Appeal and in his petition for review to the California Supreme Court, both of which were summarily denied.[2] Resp. Exs. C and D. Thus there is no reasoned state court opinion on petitioner's federal claims. Where, as here, the state court gives no reasoned explanation of its decision on a petitioner's federal claim and there is no reasoned lower court decision on the claim, a review of the record is the only means of deciding whether the state court's decision was contrary to or an unreasonable application of federal law under 28 U.S.C. § 2254(d)(1). *See Plascencia v. Alameda*, 467 F.3d 1190, 1197-98 (9th Cir. 2006). When confronted with such a state court decision, a federal court should conduct "an independent review of the record" to determine whether the state court's decision was an objectively unreasonable application of clearly established federal law. *Id.* The court "must still focus primarily on Supreme Court cases in deciding whether the state court's resolution of the case constituted an unreasonable application of clearly established federal law." *Fisher v. Roe*, 263 F.3d 906, 914 (9th Cir. 2001); *see also Brazzel v. Washington*, 491 F.3d. 976, 981 (9th Cir. 2007)

---

[2]The California Court of Appeal issued a reasoned decision denying petitioner's direct appeal, but that appeal involved claims not raised herein. Resp. Ex. B.

3

(noting that when state court reaches decision on merits but does not supply reasoning for its decision, federal court reviews the record to determine if there was clear error); *Larson v. Palmateer*, 515 F.3d 1057, 1062 (9th Cir. 2008) (quoting *Brazzel* for rule that if "state court reaches the merits without providing reasoning for us to review, however, 'we independently review the record to determine whether the state court clearly erred in its application of Supreme Court law.'").

**DISCUSSION**

As grounds for federal habeas relief, petitioner asserts that: (1) his plea was not knowing and voluntary because the trial court misadvised him as to the length of the parole term; and (2) his counsel was ineffective in not informing him of the correct parole term, not telling him that he would be subject to a lifetime sex offender registration requirement, and telling him he could withdraw his plea at any time before sentencing.

At the change of plea hearing, on November 5, 2003, the trial court told petitioner that after he served his prison term he would be placed on parole for three years, and that the total parole and revocation time could not exceed four years. Resp. Ex. E, Reporter's Transcript, ("RT") at 26. The trial court also informed petitioner that he would be required to register as a convicted sexual offender, although it did not inform him how long this requirement would last. RT at 27. According to petitioner, prior to his entry of plea, trial counsel told him that he could withdraw his plea at any time prior to sentencing. Pet. Ex. A at 7.

In December 2003, before sentencing, petitioner filed and was granted a motion to represent himself pursuant to *Faretta v. California*, 422 U.S. 806 (1975). Resp. Ex. A, Clerk's Transcript, ("CT") at 22. Petitioner, proceeding pro se, then filed a motion to withdraw his plea on the ground of ineffective assistance of counsel, which motion was denied on March 15, 2004. CT at 32-42, 75. At petitioner's sentencing hearing, three days later, the probation officer corrected the trial court's statement that petitioner faced a three-year parole term. RT at 41-42. After reviewing the matter, the trial court informed petitioner that he would in fact be on parole for five years following completion of his prison

4

term, and that the total parole and revocation time could not exceed seven years.[3]  RT at 42-43.  Petitioner stated that he had previously been advised that the parole term would be three years.  *Id.* at 43.  The trial court informed petitioner that he was "now" being advised of the correct parole term, and entered judgment against petitioner.  RT at 44.

**I.      Trial Court's Failure to Advise About Correct Parole Term**

Petitioner claims that his conviction violates his right to due process because he pled nolo contendere without knowing that the plea would result in a five-year parole term following completion of his sentence.  Due process requires that a guilty plea be both knowing and voluntary because it constitutes the waiver of three constitutional rights: the right to a jury trial, the right to confront one's accusers, and the privilege against self-incrimination.  *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969).  A guilty plea not made voluntarily and knowingly violates due process.  *Id.*  A plea is not knowing and voluntary unless it is "entered by one fully aware of the direct consequences" of the plea.  *Brady v. United States*, 397 U.S. 742, 754-55 (1970).

In California state court, a guilty plea is not voluntary and intelligent if the defendant is not aware of a parole term that is to be served in addition to the term of confinement because that is a "direct" consequence of the plea under *Brady*.  *Carter v. McCarthy*, 806 F.2d 1373, 1376 (9th Cir. 1986) (citing *Brady*).  The imposition of a mandatory period of parole in California is a direct consequence of a guilty plea which requires that the judge handling the criminal proceedings advise the defendant of the maximum period his liberty may be restrained both by way of imprisonment and parole.  *Id.*  If it is established that a defendant did not know of the parole consequences of his guilty plea, then petitioner's plea was obtained in violation of his constitutional right to due process.  *Id.*

---

[3]In his declaration, petitioner erroneously states that he received seven years of parole instead of three years.  Petitioner's Decl. at 2.  Petitioner apparently is referring to the fact that if he violates parole, and it is revoked, he could be on parole for up to a maximum of seven years.  RT at 42-43.  The three-year term petitioner thought he was going to receive would have similarly been extended to four years if parole was revoked.  RT at 26.  Thus, at most, the maximum parole term petitioner could face if parole is revoked is only three years longer than the maximum term he had thought (seven vs. four years).

The record in this case establishes that at the time petitioner entered the nolo contendere plea, the trial court had mis-advised him that he faced three years on parole when in fact the felonies to which he pled required a five-year parole term. RT at 26, 42-43. The trial court did inform petitioner of the correct five-year term at sentencing, but this was well after petitioner had already entered his plea. RT at 42-43. Further, there is no evidence in the record that when he entered the plea petitioner had any outside knowledge that the correct term was five years. The error in this case is distinguishable from the error at issue in *Carter*. In *Carter*, the trial court had failed to advise petitioner of the existence of parole term, *id.* at 1374-75, whereas here the trial court failed to inform petitioner of the parole term's duration. This distinction does not make a difference, however, because it appears from the record that the five-year parole term was an automatic consequence of the felonies to which petitioner pled. RT at 41-43. As a result, the duration of petitioner's parole term is a "direct" consequence of his plea, and as such it is a consequence that *Brady* required the trial court to inform petitioner of before petitioner pled nolo contendere. *See Torrey v. Estelle*, 842 F.2d 234, 235 (9th Cir. 1988) ("direct" consequences of plea are those that have definite, immediate and largely automatic effect on range of the defendant's punishment). Accordingly, petitioner's nolo contendere plea was not knowing and voluntary, and violated his right to due process, because he did not know the correct parole term at the time he entered the plea.

This does not end the analysis of petitioner's claim, however. When a trial court errs by failing to inform the defendant of the correct parole consequences of his guilty plea, the error is subject to a harmless error analysis. *Carter*, 806 F.2d at 1377. To obtain habeas relief based on such error, petitioner must show that he would not have pled guilty had he known of the correct parole term. *Id.* at 1377; *cf. Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985) (to challenge guilty plea based on ineffective assistance of counsel, petitioner must show "reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial").

Going to trial in this case risked significantly more severe consequences than the

6

sentence petitioner received under the plea agreement. At trial, he faced a possible maximum sentence of 13 years and 4 months in state prison, more than double the sentence he received under the plea agreement. CT at 24. In addition, a preliminary hearing had not yet been held when petitioner changed his plea, and the prosecutor indicated that more charges could have been filed against petitioner after the hearing, which would have increased petitioner's exposure at trial further. CT at 23. Moreover, if convicted, petitioner would also receive the same five-year parole term and a lifetime registration requirement that he received as a consequence of his plea. It is unlikely that even if petitioner had known that his parole term would be two years longer, he would have rejected the plea and risked the significantly longer prison term by going to trial. *Cf. United States v. Baramdyka*, 95 F.3d 840, 845-47 (9th Cir. 1996) (if counsel succeeds in substantially reducing sentence defendant would have likely received had he gone to trial, there is no prejudice from counsel's performance).

      Petitioner argues that statements he made at sentencing when he learned of the correct parole term show that he would not have entered the plea had he known of the correct parole term. The two statements made by petitioner were: "'Cause personally when I took this deal, I was advised ---" and "Actually, your honor, I didn't – when I was advised on taking this, I was advised that the parole term was three years and not five." RT at 42-43. These statements only indicate that petitioner had been misadvised as to the correct parole term; petitioner did not state at the sentencing hearing, or anywhere in the trial record, that he would not have entered the plea had he known the parole term was five years instead of three. Petitioner states in a declaration filed with his state habeas petition that he would not have plead nolo contendere if he had known of the correct parole term and several other consequences of the plea.[4] Pet. For Writ of Habeas Corpus to the California Court of Appeal, Ex. A (hereinafter "Petitioner's Decl.") at 2. He does not state, however, that knowing the correct parole term would have been enough *on its own* for him

---

[4] These consequences are discussed below in connection with petitioner's ineffective assistance of counsel claim.

7

Case 4:06-cv-05618-PJH   Document 14   Filed 03/23/09   Page 8 of 10

to decide not to plead nolo contendere. *Id.* Like the petitioner in *Hill,* petitioner here alleges "no special circumstances that might support the conclusion that he placed particular emphasis on his parole [consequences[5]] in deciding whether or not to plead guilty." 474 U.S. at 60. Indeed, here as in *Hill*, "petitioner's mistaken belief that he would" only serve three years of parole after completing his sentence "would seem to have affected not only his calculation of the time he likely would serve if sentenced pursuant to the proposed plea agreement, but also his calculation of the time he likely would serve if he went to trial and were convicted." *Id.*

Petitioner was unlikely to have rejected the favorable plea agreement and gone to trial where he risked a significantly longer sentence simply because of two additional years of parole, additional years that petitioner would also receive if convicted at trial. Consequently, petitioner has not established prejudice from the trial court's error in advising him as to the duration of his parole term, and the state courts' denial of this claim was neither contrary to nor an unreasonable application of federal law.

## II.     Ineffective Assistance of Counsel

Petitioner claims that counsel was ineffective in failing to advise him that the parole term was five years instead of three, that the registration requirement lasted for his lifetime, and that in order to withdraw his plea before sentencing petitioner would have to show good cause.

A defendant seeking to challenge the validity of his guilty plea on the ground of ineffective assistance of counsel must satisfy the two-part standard of *Strickland v. Washington*, 466 U.S. 668, 687 (1984) by showing that (1) his "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for [his] counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 57-59; *Womack v. Del Papa*, 497 F.3d 998, 1002 (9th Cir. 2007)). A defendant generally cannot establish prejudice under *Hill* if he

---

[5]In *Hill*, the petitioner had a mistaken belief as to when he would be eligible for parole. 474 U.S. at 60.

8

received significant benefits from his plea agreement; counsel may commit serious errors, but as long as counsel succeeds in substantially reducing the sentence defendant would have likely received had he gone to trial, there is no prejudice. *United States v. Baramdyka*, 95 F.3d 840, 845-47 (9th Cir. 1996) (counsel's failure to assert viable defense to charge that results in probation does not prejudice defendant when conviction on another, more serious charge is valid and other, valid charges are dismissed); *see also Hill*, 474 U.S. at 60 (finding no prejudice from counsel's failure to inform petitioner of correct date petitioner would be eligible for parole under sentence agreed to in plea bargain).

  Even assuming that petitioner's allegations regarding the shortcomings in counsel's advice are true, there is no reasonable likelihood that but for these shortcomings petitioner would have rejected the significantly reduced prison term in the plea agreement and insisted on going to trial. As noted, the plea agreement reduced his potential sentence by more than half, from thirteen years and four months to six years, and he avoided the risk of any additional charges being added following the preliminary hearing. Moreover, knowing about the longer parole term, the lifetime registration requirement, and having to show cause in order to withdraw his plea, was unlikely to make a difference in petitioner's plea decision. When he accepted the plea agreement, petitioner already knew that he would face a parole term and a registration requirement following his release from prison. Two additional years of parole, the duration of the registration requirement, and the "show cause" requirement for the motion to withdraw his plea, are relatively minor considerations compared to the ordinarily central consideration of reduced prison time. There is no indication of any circumstances in this case that rendered the length of the parole term and registration requirement, and the ability to withdraw the plea, especially important to petitioner. *See id.* In addition, if the longer parole term and registration requirement would have made petitioner less likely to accept the plea agreement, these considerations would have also made him less likely to risk going to trial where he would face the same consequences if convicted. *See id.*

  Under the circumstances presented here, petitioner did not suffer prejudice under

9

*Hill* and *Strickland* from the asserted shortcomings in trial counsel's advice. Therefore, the state courts' rejection of petitioner's claim of ineffective assistance of counsel was neither contrary to nor an unreasonable application of federal law. Petitioner is not entitled to habeas relief on this claim.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is **DENIED**. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: March 23, 2009

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.06\RYAN618.RUL